UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>v.<br><br>Owen Watson,<br><br>                    *Defendant.* | **Protective Order**<br><br>20 Cr. 346 |

Upon the application of the United States of America, with the consent of the undersigned counsel, the Court hereby finds and orders as follows:

The Government will make disclosure to the defendant of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. §3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "Disclosure Material." The Government's Disclosure Material may include (i) materials such as surveillance video that affect the privacy and confidentiality of individuals; (ii) materials that would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) materials that would risk prejudicial pretrial publicity if publicly disseminated; and (iv) internal law enforcement materials such as police reports that are not authorized to be disclosed to the public or disclosed except as necessary for the defense of this criminal case.

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

1. Disclosure Material shall not be disclosed by the defendant or defense counsel, including any successor counsel (the "Defense") other than as set forth herein, and shall be used by the Defense solely for purposes of defending this action. The Defense shall not post any Disclosure Material on any Internet site or network site to which persons other than the parties

hereto have access, and shall not disclose any Disclosure Material to the media or any third party except as set forth below.

2. Disclosure Material may be disclosed by counsel to:

(a) The defendant;

(b) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

(c) Prospective witnesses for purposes of defending this action.

3. The Government may authorize, in writing, disclosure of Disclosure Material beyond that otherwise permitted by this Order without further Order of this Court.

4. This Order does not prevent the disclosure of any Disclosure Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Federal Rule of Criminal Procedure 49.1.

5. Except for Disclosure Material that has been made part of the record of this case, the Defense shall return to the Government or securely destroy or delete all Disclosure Material, including any Disclosure Material that is seized ESI, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later.

6. This Order places no restriction on the defendant's use or disclosure of ESI that originally belonged to the defendant.

### Retention of Jurisdiction

7. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
Acting United States Attorney

by: _____     Date: 7/29/2020
Kevin Mead
Assistant United States Attorney

_____     Date: 7/29/20
Patrick Joyce
Counsel for Owen Watson


SO ORDERED:

Dated: New York, New York
       July 29, 2020

_____
THE HONORABLE JED S. RAKOFF
UNITED STATES DISTRICT JUDGE

3